# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHEILA KENNEDY,

        Plaintiff,

        v.

JOSEPH H. BOARDMAN, et al.,

        Defendants.

Civil Action No. 16-cv-02235 (BAH)

Chief Judge Beryl A. Howell

## MEMORANDUM OPINION

The plaintiff, Sheila Kennedy, who is proceeding *pro se*, is a former employee of the National Railroad Passenger Corporation, d/b/a Amtrak ("Amtrak"). Despite this Court's prior thorough consideration of the legality of the circumstances of the plaintiff's employment and termination, *see Kennedy v. AMTRAK*, 139 F. Supp. 3d 48, 67 (D.D.C. 2015) ("*Kennedy I*") (granting "the defendant's motion for summary judgment on the plaintiff's claims of sexual harassment, hostile work environment and retaliation," under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the D.C. Human Rights Act, D.C. Code § 2-1401.01 *et seq.* ("DCHRA")), she has persisted in pursuing these claims, resulting in dismissal by this Court of her claims a second time, *see Kennedy v. Boardman*, No. 16-2125, 2016 U.S. Dist. LEXIS 149890, at *1 (D.D.C. Oct. 20, 2016) ("*Kennedy II*") (dismissing certain claims as "procedurally barred" and "any remaining claims [as] inadequately pled"). The instant lawsuit is the third instance of the plaintiff reiterating essentially the same claims arising from the same facts already resolved against her.

Specifically, the plaintiff's instant lawsuit asserts six claims against defendants Amtrak and Joseph Boardman, Amtrak's President (collectively, "Amtrak Defendants"), alleging sexual harassment, hostile work environment, retaliation, and constructive termination in violation of

public policy, Compl. ¶¶ 22–56 (Counts I–VI), ECF No. 1-1, and unenumerated claims against

defendants Andrew Sakallaris and the law firm of Morgan, Lewis & Bockius LLP, counsel to

Amtrak (collectively, "Amtrak Counsel"), and Stephen Rakusin, the plaintiff's former counsel,

alleging these lawyers unlawfully deprived her of Due Process in violation of the Fifth, Seventh,

and Fourteenth Amendments of the United States Constitution, *id.* ¶¶ 57–59.  Now pending

before the Court are the defendants' motions to dismiss, *see* Amtrak Defs. and Amtrak Counsel's

Mot. Dismiss ("Defs.' MTD"), ECF No. 3; Def. Stephen Rakusin's Mot. Dismiss (Def.'s

MTD"), ECF No. 7; and the plaintiff's motion to remand, Pl's Mot. Remand/Resp. Defs.' Mot.

Dismiss ("Pl.'s Resp."), ECF No. 10.  As discussed in more detail below, the defendants'

pending motions to dismiss are granted and the plaintiff's motion to remand is denied.

## I.     BACKGROUND

The factual background of the plaintiff's employment with Amtrak is set out in *Kennedy*

*I*, 139 F. Supp. 3d at 52–57, and given its limited relevance in resolving the instant motions will

not be repeated here.  In October 2016, the plaintiff filed the instant action in the Superior Court

for the District of Columbia, and an identical complaint in this Court ("Second DCD

Complaint").  *Cf.* Defs.' Notice of Removal, Ex. A (Complaint), ECF No. 1-1; *id.*, Ex. B (Second

DCD Complaint), ECF No. 1-2.  The defendants subsequently removed this action to this Court.

*See generally* Notice of Removal, ECF No. 1.  Meanwhile, the Second DCD Complaint was

dismissed *sua sponte* by this Court, on October 20, 2016, because the plaintiff's claims against

the Amtrak Defendants were barred by the doctrine of *res judicata*, and the new claims against

Amtrak Counsel and the plaintiff's prior counsel failed to satisfy the pleading requirements of

Federal Rules of Civil Procedure 8(a).  *See Kennedy II*, 2016 U.S. Dist. LEXIS 149890, at *2–3;

*see* Defs.' Notice of Removal, Ex. C (Order, dated Oct. 20, 2016, dismissing DCD Complaint

2

"against Amtrak and its privies . . . with prejudice" and remaining claims against Amtrak

Counsel and the plaintiff's former counsel "without prejudice"), ECF No. 1-3.

## II.    DISCUSSION

All of the defendants seek dismissal of the instant complaint, but the plaintiff's former

counsel asserts grounds for dismissal on different bases than his co-defendants.[1]  The two

pending motions to dismiss are addressed following discussion of the plaintiff's request for

remand of this case to the District of Columbia Superior Court.

### A.    The Plaintiff's Request for Remand Is Denied

The plaintiff asserts that because "[t]his court 'lacks' subject matter jurisdiction . . . [it]

must remand the Plaintiff's 'case' back to the District Superior Court . . . pursuant to 28 U.S.C.

ss [sic] 1447(c)."  Pl.'s Resp. at 2.  She is wrong.  This Court has subject matter jurisdiction over

the instant complaint under 28 U.S.C. §§ 1331 and 1349.  *See* Defs.' Notice of Removal at 4.  To

be precise, the complaint raises claims "arising under the Constitution [and] laws . . . of the

United States," *id.* § 1331, by alleging violations of 42 U.S.C. §§ 1981, 1983, 1985 and 1986;

"42 U.S.C. 12132, 12182, 122203 (Americans with Disabilities Act of 1990, ADA)," and "42

U.S.C. sec 2000e, et sec.," as well as violations of the plaintiff's civil rights "under the Fifth,

Seventh and Fourteenth Amendments to the United States Constitution."  Compl. ¶¶ 2–3.

Additionally, the complaint seeks relief from Amtrak, which was established by an Act of

Congress and has over one-half of its stock owned by the United States, meeting the predicate

for jurisdiction set out in 28 U.S.C. § 1349.  *See AMTRAK v. Lexington Ins. Co.*, 365 F.3d 1104,

---

[1]       Following the defendants' filing of their motions to dismiss, the plaintiff was advised by the Court of her
deadlines for response and the possible consequences should she fail to respond.  *See Fox-Neal* Orders, ECF Nos. 6
and 9.

1105 (D.C. Cir. 2004) ("The case is in federal court because Amtrak is a federal corporation and the federal government owns more than one-half of its stock." (citing 28 U.S.C. § 1349)).[2]

Accordingly, this case was properly removed to this Court, which has subject matter jurisdiction over the claims, and the plaintiff's request for remand to the Superior Court is denied.

### B.        The Plaintiff's Claims Against the Amtrak Defendants Are Barred

The instant complaint asserts claims against Amtrak that have been previously addressed twice by this Court, and claims against Amtrak's President and Counsel and the plaintiff's prior counsel that have been addressed once before.  In *Kennedy I*, summary judgment was granted to Amtrak on the plaintiff's claim of retaliation during an employment assignment in Miami for failure to exhaust her administrative remedies,[3] and on her claims of sexual harassment, hostile work environment, and retaliation during her employment assignments in Washington, D.C., due to her failure, after extensive discovery, "to produce sufficient evidence for a reasonable jury to find that Amtrak's asserted non-discriminatory reasons for its treatment of the plaintiff—namely, her poor job performance in three different job assignments in two different cities—was not the actual reason for such treatment."  139 F. Supp. 3d at 67; *see also id.* at 56 (summarizing six claims against Amtrak for "sexual harassment, hostile work environment and retaliation, in

---

[2]        The plaintiff also appears to seek remand due to her misimpression that "ALL of the Defendants [have] **conceded**" since "NONE answered" the complaint.  Pl.'s Resp. at 3 (emphasis in original).  The case was removed prior to proper service of the complaint, *see* Notice of Removal ¶¶ VII–VIII, and the pending motions to dismiss were promptly and timely filed thereafter, precluding any entry of the default judgment, which the plaintiff mistakenly believes she is due, *see* Pl.'s Resp. at 7 (arguing that "[t]he defendants failed to respond to summons to make defenses" and "any defenses the Defendants alleges [sic] are **MOOT**") (emphasis in original).  Default judgment may be entered only when the defendant "has failed to plead or otherwise defend," Fed. R. Civ. P. 55(a), which is plainly not the circumstance here, where the defendants have both removed this action and filed the pending motions to dismiss, even before effective service.
[3]        The plaintiff's instant complaint does not appear to assert any claims arising from her Miami work assignment for Amtrak.  *See generally* Compl.

4

violation of Title VII, in Counts I, III and V, respectively, and the same three claims, in violation of the DCHRA, in Counts II, IV and VI, respectively").

*Kennedy II*, issued on October 20, 2016, addressed essentially the same claims resolved against Amtrak in *Kennedy I* and the identical claims asserted in the instant complaint against both Amtrak Defendants.  The court in *Kennedy II* explained that the six claims against the Amtrak Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. §§ 1981, 1983, 1985 and 1986; the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.*; and the D.C. Human Rights Act, D.C. Code § 2-1401.01 *et seq.*, were "based on the same events that allegedly began in 2009 and formed the basis of plaintiff's previous case where Amtrak prevailed on summary judgment," and therefore were procedurally barred by application of the doctrine of *res judicata*.  *Kennedy II*, 2016 U.S. Dist. LEXIS 149890 at *2–3.[4] In view of the two prior decisions in *Kennedy I* and *II*, the Amtrak Defendants seek dismissal of "the instant copycat complaint" against them "as barred by *res judicata*."  Defs.' MTD at 2. These defendants are correct.

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  Claim preclusion "forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'"  *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).  At the same time, issue preclusion, which was "once known as 'collateral estoppel' and 'direct estoppel,'" bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim."  *Id.* at 892 & n.5 (internal

---

[4]     Notably, the instant claims against the Amtrak President are based on the same events at issue in *Kennedy I* and, consequently, could have been raised in that case and resolved, warranting application of issue preclusion.

citations and quotation marks omitted); *see also U.S. Postal Serv. v. Am. Postal Workers Union*, 553 F.3d 686, 696 (D.C. Cir. 2009) ("Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." (internal quotation marks and citation omitted)).  Thus, "'[r]es judicata . . . bars relitigation not only of matters determined in a previous litigation but also ones a party could have raised.'"  *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 491 (D.C. Cir. 2009) (quoting *NRDC v. Thomas*, 838 F.2d 1224, 1252 (D.C. Cir. 1988)).

The doctrine of *res judicata* serves to "protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'"  *Nat'l Ass'n of Home Builders v. EPA*, 786 F.3d 34, 41 (D.C. Cir. 2015) (brackets in original) (quoting *Taylor*, 553 U.S. at 892 (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979)).  "The objective of the doctrine of issue preclusion . . . is judicial finality; it fulfills 'the purpose for which civil courts had been established, the conclusive resolution of disputes within their jurisdiction.'"  *Yamaha Corp. of Am. v. United State*s, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Kremer v. Chem. Constr. Corp*. 456 U.S. 461, 467 n.6 (1982)).

The Amtrak Defendants are now confronted for a third time with essentially the same claims by the plaintiff.  Under these circumstances, the policy underpinnings for application of *res judicata* to bar the instant claims are on full display and require dismissal of these claims against the Amtrak Defendants.

**C.   The Plaintiff's Claims Against Amtrak Counsel and Plaintiff's Prior Counsel Are Dismissed With Prejudice**

In *Kennedy II*, the claims against Amtrak Counsel and the plaintiff's prior counsel were dismissed for failure to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a) because she did "not allege[] facts establishing any wrongdoing by the individual defendants and state[] a basis of potential liability."  2016 U.S. Dist. LEXIS 149890 at *3.  Despite being on notice as of the date of issuance of *Kennedy II* on October 20, 2016, that the claims against these lawyers were insufficient and warranted dismissal, the plaintiff nonetheless filed the identical claims in the instant complaint in Superior Court on October 24, 2016.  Moreover, in the intervening months, the plaintiff has made no effort to bolster the claims against these lawyers with any additional factual allegations by moving to amend her complaint or otherwise.

Both Amtrak Counsel and the plaintiff's former counsel now move to dismiss the claims against them for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6).  Defs.' MTD at 2; Def.'s Mem. Supp. MTD at 8, ECF No. 7.[5]  As noted in *Kennedy II*, the plaintiff's claims against these lawyers, to the extent intelligible, amount to no more than conclusory statements and do not even attempt to set out any factual allegations to support the constitutional and statutory violations claimed.  2016 U.S. Dist. LEXIS 149890 at *3.  To state a facially plausible claim, a complaint must set forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  "[E]ven a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'"  *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672,

---

[5]     The plaintiff's former counsel also seeks dismissal for lack of personal jurisdiction, improper venue, and insufficient service of process, *see* Def.'s Mem. Supp. MTD at 3, but these grounds for dismissal need not be addressed since the motion is resolved on other grounds.

681–82 (D.C. Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 678).  Accordingly, these claims

are dismissed for the second time, but this time with prejudice "to protect against the expense

and vexation attending multiple lawsuits [and] conserve judicial resources."  *Nat'l Ass'n of*

*Home Builders*, 786 F.3d at 41–42 (internal quotation marks, citations, and brackets omitted);

*see also Whiting v. AARP*, 637 F.3d 355, 365 (D.C. Cir. 2011) (finding dismissal with prejudice

"appropriate" where the plaintiff "did not identify any new claims or allegations that would cure

the defects . . . in opposing the motion to dismiss or by filing a motion to amend her complaint

pursuant to Federal Rule of Civil Procedure 15").[6]

## III.    CONCLUSION

A final judgment was entered in two prior cases filed by the plaintiff, in *Kennedy I* and

*Kennedy II,* against one or more of the same defendants named in the instant complaint.

Consequently, *res judicata* precludes the plaintiff from relitigating against the Amtrak

Defendants issues that were or could have been raised and decided in the earlier proceeding, *see*

*Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002), and the plaintiff is entitled to no more

opportunities to cure the defects in her claims against Amtrak Counsel or her own former

counsel.  The Clerk of the Court is directed to close this case.

An Order consistent with this Memorandum Opinion will issue contemporaneously.

Date: January 17, 2017

_____
BERYL A. HOWELL
Chief Judge

---

[6]     To the extent the plaintiff asserts state law claims against her former counsel, *see* Def.'s MTD at 8–9, the Court declines to exercise supplemental jurisdiction over those claims.  *See* 18 U.S.C. § 1367(c).